It is further urged by the defendant that, even if the plaintiffs agreed to grant forbearance on their original claim against the firm of Wilson, Sheffer & Coonley, such agreement was useless and of no value, because said firm was in bankruptcy, and that plaintiffs' right to proceed on such claim was stayed under section 11 of the bankruptcy act of July 1, 1898 (chapter 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]), which provides that action on such a claim may be stayed for 12 months after the date of the adjudication in bankruptcy, or if within that time the bankrupt applies for a discharge, then until the question of such discharge is determined. No facts appear in this record which show that the plaintiffs were within the prohibition of that statute. It does not appear when Wilson, Sheffer & Coonley were adjudicated bankrupts. If such adjudication had been made more than 12 months before the execution of the note in question, and said bankrupts had not within that time applied for their discharge, or if, having applied for the same, such discharge had been refused, the prohibitory provision of the federal statute above referred to would not affect the plaintiffs. It was incumbent on the defendant to show affirmatively the existence of such facts as would preclude the plaintiffs from enforcing their obligation against the bankrupt firm.

The judgment should be affirmed, with costs.

CHESTER, J., concurs.  SMITH, J., concurs in result.  PARKER, P. J., not voting.

(112 App. Div. 877)

### STANTON v. BOARD OF SUP'RS OF ESSEX COUNTY.

(Supreme Court, Appellate Division, Third Department.  May 2, 1906.)

COUNTIES—SUPERVISORS—RESOLUTIONS—STATUTES—APPLICATION.

County Law, Laws 1892, p. 1748, c. 686, § 17, requires that every act or resolution of a board of supervisors in the exercise of its legislative powers shall have a title prefixed concisely expressing its contents, followed by a reference to the law or laws conferring the authority to pass the act or resolution, the number of votes both for and against its passage, and provides for the publication thereof. *Held,* that such section applies to resolutions which have already become final and complete solely by the action of the board, and had no application to a resolution changing the site of county buildings, which was not final; the proposition being required to originate with, and be ratified by, the people after action by the board.

Appeal from Trial Term, Essex County.

Action by Merritt C. Stanton against the board of supervisors of Essex county. From a judgment dismissing the complaint (96 N. Y. Supp. 840), plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Richard L. Hand and Francis A. Smith, for appellant.
Edward T. Stokes and R. Corbin, for respondent.

COCHRANE, J.  By this action the plaintiff, a taxpayer of the county of Essex, seeks to restrain the board of supervisors of that county from changing the site of the county buildings from Elizabethtown to

Westport. Proceedings with a view to making such change have been had, under sections 31, 32, and 33 of the county law (Laws 1892, p. 1753, c. 686). The proposed location of said buildings exceeds one mile from their present location, and is beyond the boundaries of the incorporated village where they are now situated. The proposed change has received a majority of the votes of the board of supervisors, and also a majority of the votes of the electors of the county. If the proceedings have been in compliance with the statute, and such statute is not unconstitutional, it only remains for the supervisors to effectuate the sentiment of the electors of the county as expressed by their ballots, and change accordingly the site of the county buildings.

This action is sought to be maintained on the ground that the sections of the county law under consideration are unconstitutional, in that they provide for a surrender or delegation of legislative power, and an attempt to confer that power upon the electors of a county; and the plaintiff also alleges numerous irregularities and failures to comply with the statute in question, which he claims render nugatory the proceedings which have been taken. The constitutional question thus raised, as well as most of the other questions, have been disposed of in a well-considered opinion by Mr. Justice Spencer, before whom the action was tried (48 Misc. Rep. 415, 96 N. Y. Supp. 840), and we are content to rest the judgment herein on his opinion, merely adding our views in reference to one question, which seems worthy of consideration, and which was not discussed by him, perhaps for the reason that it was not urged at the trial.

The question thus referred to is as to the application of section 17 of the county law (Laws 1892, p. 1748, c. 686) to the proceedings in question. That section requires that every act or resolution of a board of supervisors "in the exercise of its legislative powers shall have a title prefixed concisely expressing its contents followed by a reference to the law or laws conferring the authority to pass the act or resolution, the number of votes both for and against its passage," and also provides, among other things, that such acts or resolutions shall within six weeks after the close of the session be published in the newspapers in the county appointed to publish the session laws of the Legislature. It is claimed by the plaintiff that the resolution for the removal of the site of the county buildings as adopted by the board of supervisors had no title, and did not comply with the requirements of this section. Assuming, as did the learned trial justice, that the resolution in question was an exercise of legislative power by the board of supervisors, it is not such a resolution as is contemplated by section 17 of the county law. The purpose of that section is to furnish a convenient and efficacious method of acquainting the public with the provisions of an act or resolution which has already become effective, in the same way that it is the policy of the law to publish and make known the contents of acts of the Legislature. Resolutions of boards of supervisors under the section in question are to be published in the same newspapers in which session laws of the Legislature are to be published, and for the same purpose. A title and the other requirements of the section facilitate this purpose, for reasons which are obvious. The section applies to resolutions which have already become final and complete solely by action of the board, and

require no other action to make them effective; or, in other words, to such resolutions as in and of themselves have the force of law, and not to such resolutions as are but steps in the accomplishment of some incomplete purpose. The resolution in question was not a final or dominating act of the board of supervisors. It was inchoate and incomplete; one step in the accomplishment of a purpose not yet accomplished. The proposition to change the site of the county buildings neither originated with the board, nor was it consummated by the action of the board. It had to originate with the people, and after adoption by the board was not complete until it was ratified by the people. By section 32 of the county law (Laws 1892, p. 1753, c. 686) a different provision is made for its publication than is made by section 17. It is quite clear that section 17 deals with resolutions already binding on the public, and does not apply to the resolution in question. The reasons for the provision of that section do not apply to a resolution like that now under consideration.

We have examined the other questions raised, but find none fatal to the removal of the county seat. For the most part such questions are discussed in the opinion of the learned trial justice. Such as are not discussed by him we have considered, and find to be without merit.

The judgment should be affirmed, with costs. All concur, except PARKER, P. J., not voting.

